# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| QUINCY L. KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1188-JDT-egb |
| | ) | |
| INVENT HELP COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

---

### ORDER ADOPTING REPORT AND RECOMMENDATION
### ORDER OF DISMISSAL
### ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
### AND
### ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

The *pro se* Plaintiff, Quincy L. Kennedy, filed a civil complaint on June 17, 2013, accompanied by a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) An order granting leave to proceed *in forma pauperis* was issued by U.S. Magistrate Judge Edward G. Bryant on June 18, 2013. (D.E. 3.)[1]

On February 6, 2014, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended *sua sponte* dismissal of the complaint for failure to state a claim and for lack of jurisdiction. (D.E. 8.) Specifically, the Magistrate Judge found that Plaintiff's purported cause of action for patent infringement did not state a claim on which relief may be granted because Plaintiff did not allege that he had applied for or been issued a patent. (Id. at 3-4.) The Magistrate Judge further found that the Court did not have diversity jurisdiction over any state

---

[1] Pursuant to Administrative Order No. 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

law claims because the amount in controversy did not exceed $75,000, as required under 28 U.S.C.

§ 1332.  (Id. at 5.)  Objections to the R&R were due within fourteen days after service.  *See* Fed. R.

Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

On February 11, 2014, Plaintiff submitted a one-page document in which he states:

In Query,
I Mr. Quincy L. Kennedy, I am now filing for an Appeal in the court of United States
District Court for the Western District of Tennessee?

I am filing this motion in requesting to continue my case under (Application to
Proceed) "in forma pauperis" for I am indigent?

(D.E. 9.)  The Court presumes the document is intended as a general objection to the Magistrate

Judge's recommendation that the case be dismissed.  However, such an objection is insufficient, as

a party objecting to an R&R is required to "file *specific* written objections."  Fed. R. Civ. P. 72(b)(2)

(emphasis added).  Plaintiff does not specify why he believes the R&R is erroneous.

Having reviewed the complaint and the law, the Court agrees with and ADOPTS Magistrate

Judge Bryant's recommendation.  Therefore, this case is DISMISSED for failure to state a claim,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6), and for lack of subject-matter

jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in*

*forma pauperis*, should he seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a

non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed.

R. App. P. 24(a).  *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3)

provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she

may also proceed on appeal *in forma pauperis* without further authorization unless the district court

"certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to

2

proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u> The same considerations that lead the Court to dismiss this case for failure to state a claim and lack of jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.